11-11764C

APPELLATE COURT NO. 11-11764C

CASE NO. 3:06 CR 83/MCR

U.S. COURT OF APPEALS
RECEIVED CLERK
APR 19 2011
ATLANTA, GA.

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 19 2011
JOHN LEY
CLERK

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

In Re: KENT E. HOVIND

Petition for Writ of Mandamus from the

Northern District of Florida

Pensacola, Division

## PETITION FOR WRIT OF MANDAMUS

Kent E. Hovind
# 06452-017
FCI JESUP
Federal Correctional Institution
2680 301 SOUTH
Jesup, GA. 31599

1

# TABLE OF CONTENTS

TABLE OF CONTENTS……………………………….2

I. JURISDICTION...................................................................3

II. STATEMENT OF THE FACTS.......................................... 3

III. STATEMENT OF THE ISSUES……………...................5

IV. STATEMENT OF RELIEF SOUGHT…….......................5

V. REASONS WHY THE WRIT SHOULD ISSUE...............6

VI. CONCLUSION...................................................................8

# I.

## JURISDICTION

This Honorable Court has jurisdiction to issue extraordinary writs under 28 U.S.C. § 1651(a) "except in certain narrowly defined circumstances" where extreme violations have occurred.

# II.

## STATEMENT OF THE FACTS

The Petitioner was indicted on Numbers 13 thru 57 Counts which charged the structuring of currency transactions from withdrawals from bank accounts in violation of Title 31 U.S.C. §§ 5313 (a), 5324(a)(3) and 31 C.F.R. § 103.11et. seq.

The Petitioner filed a Motion to Dismiss (Doc. #335) which such motion was denied by the District Court's Order of March 31, 2010 (Doc. # 343).

# III.

## STATEMENT OF THE ISSUES

1. Whether the Honorable District Court erred by not deciding before trial whether the essential legal elements of the structuring offenses were present in the grand jury indictment and petit jury instructions.

2. Whether the Honorable District Court erred when it refused to dismiss Petitioner's Grand Jury Indictment.

3. Whether Petitioner's rights under the 5th Amendment due process of law and equal protection of the law has been violated and whether relief needs to be granted.

## IV.

## STATEMENT OF RELIEF SOUGHT BY PETITIONER

By this Petition for Writ of Mandamus, Petitioner seeks an order from this Honorable Court directing the Honorable District Court to dismiss the Grand Jury Indictment against the Petitioner for failure to properly accept and rule by granting the motion to dismiss on the structuring charge in the Grand jury indictment.

## V.

## REASONS WHY THE WRIT SHOULD ISSUE

The Petitioner was indicted on Numbers 13 thru 57 Counts which charged the structuring of currency transactions from withdrawals from bank accounts in violation of Title 31 U.S.C. §§ 5313 (a), 5324(a)(3) and 31 C.F.R. § 103.11et. seq. The grand jury indictment has missing essential legal elements causing the indictment to not charge a criminal offense causing this Honorable Court to lack juisdiction.

The essential elements of the charge of a violation of Title 31 U.S.C. §§ 5324 (a)(3) and 5324(d) are:

1.) The duty of an individual to inform the bank or the IRS that he is engaging in multiple but related transactions in order to avoid the CTR filing requirement.

2.) There were multiple structured related transactions performed by the individual.

4

3.) The multiple structured related transactions were not filed with the bank or the IRS by the individual.

The <u>Hovind</u> indictment does not charge item 1.) and 3.). These are missing essential legal and/or fact elements that must be specifically charged in the indictment.

In addition to the missing essential elements, the statute and regulations of the Act itself is fatally flawed and void.

The statute and regulations implementing the Act do not require individuals to inform either their banks or the IRS that they are engaging in multiple but related transactions in order to avoid the CTR filing requirement. The relevant statute authorized the Secretary to impose such a duty, <u>his implementing regulations did not do so</u>. <u>Varbel</u>, 780 F2d 758, at 762; <u>United States v. Murphy</u>, 809 F.2d 1427 at 1431.( Emphasis added)
"Once promulgated, these regulations, called for by the statute itself, have the force of law, and the violations thereof incur criminal prosecutions, just as if the details had been incorporated ito the congressional language. The result is that neither the statute nor the regulations are complete without the other, and ONLY together do they have any force. In effect, therfore, the construction of one necessarily involves the contruction of the other." See <u>United States v. Merskey</u>, 361 U.S. 431, <u>California Bankers Assn. v. Schultz</u>, 416 U.S. 21, <u>U.S. v. Reinis</u>, 794 F.2d 506 and <u>U.S. v. Two Hundred Thousand Dollars</u>, 590 f.Supp. 866.

The fact that the government charged the citation of the statute does not solve their problem of missing essential elements of the offense.

5

We hold that a mere citation to the applicable statute does not give the defendant notice of the nature of the offense. An indictment that must rely on a statutory citation does not "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necesarry to constitute the offense intended to be punished." See Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907-08, 41 L.Ed.2d 590 (1974). Furthermore, a statutory citation does not ensure that the grand jury has considered and found all essential elements of the offense charged. It therefore fails to satisfy the Fifth Amendment guarantee that no person be held to answer for an infamous crime unless on indictment of a grand jury. See United States v. Hooker, 841 F.2d 1225 (4th Cir. 1988). As we stated in Hooker, when an indictment fails to include an essential element of the offense charged, it thereby fails to charge any federal offense and a conviction under the indictment may not stand. U.S. v.Pupo, 841 F.2d 1235.

The failure to charge an essential element of a crime is by no means a mere technicality. See United States v. King, 587 F.2d 956, 963 (9th Cir. 1978). See United States v. Kurka, 818 F.2d 1427, 1431 (9th Cir. 1987). Therefore, the Petit Jury instructions must follow the indictment which must legally include the legal essential element to constitute a criminal evasion charge. The prosecutor must prove each and every essential element of an offense per jury instructions. Since the real issue of the offense was not mentioned or proven, the prosecution failed to prove each and every essential element and the Petitioner in this case is not guilty of the offense by any standard of review.

The Petit Jury had no chance to correctly decide a just verdict because the law presented to them was erroneous, incomplete and totally lacking along with having

6

substituted incorrect, false and illegal law presented or offered in place of the correct and valid tax law in a criminal case.

## VI.

## CONCLUSION

THEREFORE, IT IS Prayed that this Honorable Appellate Court enter an Order and Remand this case back to the District Court to dismiss this case with prejudice.

The Petitioner also requests that Findings of Fact and Conclusions of Law be included with any and all rulings on the above rulings or request.

Respectfully submitted,

*[signature: Kent E. Hovind]*

Kent E. Hovind
# 06452-017
FCI JESUP
Federal Correctional Institution
2680 301 SOUTH
Jesup, GA.  31599

## VERIFICATION

IT IS HEREBY Certified that the facts in the foregoing pleadings are true and correct under penalties of perjury to the best of my knowledge and belief.

*[signature: Kent E. Hovind]*
Kent Hovind

## CERTIFICATE OF SERVICE

IT IS HEREBY Certified that two (2) copies of the foregoing Petition for Writ of Mandamus was mailed to the government's attorney and one (1) copy to the Honorable Judge below on the 10th day of April, 2011.

_Kent E. Hovind_
Kent E. Hovind

United States Attorney
United States District Court
For the Northern District of Florida
Pensacola Division